UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OLIVER LOPEZ FUNES,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1024-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Oliver Lopez Funes, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 2.)

Mr. Lopez Funes is a citizen of Guatemala who claims to have been living in the United States for many years. (*Id.*) He has a criminal history in Illinois dating back to 2005. (*Id.*; ECF 8-2 at 3.) He came to the attention of immigration officials in 2014 and removal proceedings were initiated against him at that time. (*Id.* at 5-7.) In May 2026, he was taken into custody by Immigration and Customs Enforcement (ICE) agents in Illinois pursuant to an administrative warrant, and was then transferred to Miami Correctional Facility. (*Id.* at 3-5.) An immigration judge ordered him removed to Guatemala, and the Board of Immigration Appeals (BIA) dismissed his appeal on July 24, 2026. (ECF 13-1.)

Mr. Lopez Funes alleged in his petition, filed in early July 2026 before the BIA's ruling, that he was being wrongfully denied an opportunity for release on bond while

his removal proceedings were pending in accordance with 8 U.S.C. § 1226(a). (ECF 2.) The Warden argues that Mr. Lopez Funes is now subject to mandatory detention under 8 U.S.C. § 1231 because his removal proceedings have become final. (ECF 13.) Mr. Lopez Funes did not file a reply addressing the Warden's argument, and the time for doing so has expired.[1]

When a noncitizen's removal proceedings become final, detention is mandatory during a 90-day "removal period" while the government works to effectuate the noncitizen's removal. 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). The removal period begins on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Here, the 90-day removal period began on July 24, 2026, when the BIA dismissed Mr. Lopez Funes' appeal. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a). The removal period will continue through at least October 22, 2026, making his current detention mandatory under § 1231. Therefore, he has not shown an entitlement to federal habeas relief.

---

[1] After the parties briefed the issue of Mr. Lopez Funes' entitlement to bond under 8 U.S.C. § 1226(a), the court ordered supplemental briefing because it appeared that his removal proceedings may have become final. (ECF 11.) The Warden filed a supplemental brief (ECF 13), but Mr. Lopez Funes did not respond.

For these reasons, the court **DENIES** the petition (ECF 2) and **DIRECTS** the clerk to enter judgment and to close this case.

SO ORDERED on September 11, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT